**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINGUIN NI,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 22-647<br><br>Agency No.<br>A208-069-695<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**
San Francisco, California

Before: HAWKINS, S.R. THOMAS and MCKEOWN, Circuit Judges.

Petitioner Binguin Ni ("Ni") seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judges ("IJ") denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the agency's decision that Ni was not credible and did not bear his burden of establishing eligibility for asylum or withholding of removal. *Mejia-Paiz v. INS*, 111 F.3d 720, 723 (9th Cir. 1997). The agency identified specific incongruities between Ni's testimony and documentary evidence, including the certificate of sterilization which he claimed to have used in July 2012 to register his son, but which bore an issue date of September 2012. Additionally, in Ni's 2014 handwritten statement submitted with his asylum application, he wrote that the critical events giving rise to his asylum claim—his second child's birth, his wife's sterilization, and receipt of a fine notice from family planning—occurred in 2006, 2007 and 2008. He later corrected these dates to describe these events as occurring in 2011, 2012 and 2013, but his only explanation for the change was that he must have written it down wrong the first time. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (IJ may reject even plausible explanations). The agency also permissibly relied on Ni's evasive demeanor, particularly when answering questions about his travel to other countries besides the United States (which he first denied and then offered changing explanations for). The agency provided specific and cogent reasons to support the adverse credibility determination, *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), and the record does not compel the conclusion that Ni was credible.

Substantial evidence also supports the agency's denial of Ni's application for CAT protection, because he failed to establish that "it is more likely than not

that he . . . would be tortured if removed" to China and that such torture would be inflicted by or with the acquiescence of a public official. *Garcia-Milan v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014); 8 C.F.R. § 1208.16(c)(2). "[W]hen the petitioner's 'testimony [is] found not credible, to reverse the BIA's decision [denying CAT protection,] we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured.'" *Shrestha*, 590 F.3d at 1048–49 (alteration in original) (*quoting Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006)). The BIA concluded the country conditions reports here were insufficient to show Ni demonstrated a particularized risk of torture, *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021), and the record does not compel a contrary conclusion.

The temporary stay of removal remains in effect until the mandate issues.

**PETITION DENIED.**